UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAQUAN WILLIAMS,

                         Plaintiff,

            -against-

ANDREW CHAN, INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY AS
ASSISTANT UNITED STATES
ATTORNEY, S.D.N.Y.; RYAN WOLFE
ALLISON, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS ASSISTANT
UNITED STATES ATTORNEY, S.D.N.Y.;
DOMINIC GENTILE, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
ASSISTANT UNITED STATES
ATTORNEY, S.D.N.Y.; JARED HOFFMAN,
INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY AS ASSISTANT UNITED
STATES ATTORNEY, S.D.N.Y.; UNITED
STATES OF AMERICA; UNITED STATES
DEPARTMENT OF JUSTICE;
METROPOLITAN DETENTION CENTER;
JOHN/JANE DOES 1-10,

                         Defendants.

26-CV-1721 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at the Hudson Correction Facility in Kearny, New Jersey, brings this *pro se* action under the court's federal-question jurisdiction, alleging that Defendants violated his constitutional and common law rights. For the following reasons, the complaint is dismissed.

Plaintiff has previously submitted to this court a substantially similar complaint against Defendants alleging that they violated his constitutional and common law rights. That case is pending on my docket under docket number 26-CV-1322 (LTS). Because this complaint raises the same claims, no useful purpose would be served by the filing and litigation of this duplicate

lawsuit. Therefore, this complaint is dismissed without prejudice to Plaintiff's pending case under docket number 26-CV-1322 (LTS).

This Court notes that in Plaintiff's case under docket number 26-CV-1322 (LTS), by order dated February 19, 2026, the Court directed Plaintiff to pay the filing fees or submit both an application to proceed *in forma pauperis* ("IFP") (that is, without the prepayment of fees) and a prisoner authorization. In this action, Plaintiff submitted a complaint and an IFP application, but he did not submit a prisoner authorization. In light of the Court's belief that Plaintiff may have intended to submit an amended complaint and IFP application in Plaintiff's case under docket number 26-CV-1322 (LTS), the Court directs the Clerk of Court to docket the complaint in this action (ECF No. 1) as an amended complaint in Plaintiff's case under docket number 26-CV-1322 (LTS). Similarly, the Clerk of Court is directed to docket the IFP application in this action (ECF No. 3) as an IFP application in Plaintiff's case under docket number 26-CV-1322 (LTS). For Plaintiff's convenience, the Court attaches a prisoner authorization form that Plaintiff should complete and submit in his case under docket number 26-CV-1322 (LTS).

Moreover, in light of the Court's belief that Plaintiff may have submitted this duplicate complaint in error, the Court directs the Clerk of Court not to charge Plaintiff the $350.00 filing fee for this action, and the Warden or Superintendent having custody of Plaintiff shall not deduct or encumber funds from Plaintiff's prison trust account for this lawsuit.

### CONCLUSOIN

The Court dismisses Plaintiff's complaint as duplicative of No. 26-CV-1322 (LTS).

The Court directs the Clerk of Court to docket the complaint in this action (ECF No. 1) as an amended complaint in Plaintiff's case under docket number 26-CV-1322 (LTS). The Clerk of Court is also directed to docket the IFP application in this action (ECF No. 3) as an IFP application in Plaintiff's case under docket number 26-CV-1322 (LTS).

The Court also directs the Clerk of Court not to charge Plaintiff the $350.00 filing fee for this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a civil judgment in this action.

SO ORDERED.

Dated:    March 5, 2026
          New York, New York

                                            /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                      Chief United States District Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

(full name of the plaintiff/petitioner)

-against-

_____

_____

(full name(s) of the defendant(s)/respondent(s))

CV _____ ( ) ( )

(Provide docket number, if available; if filing this with your complaint, you will not yet have a docket number.)

## PRISONER AUTHORIZATION

By signing below, I acknowledge that:

(1)  because I filed this action as a prisoner,[1] I am required by statute (28 U.S.C. § 1915) to pay the full filing fees for this case, even if I am granted the right to proceed _in forma pauperis_ (IFP), that is, without prepayment of fees;

(2)  if I am granted IFP status, the full $350 filing fee will be deducted in installments from my prison account, even if my case is dismissed or I voluntarily withdraw it.

I authorize the agency holding me in custody to:

(1)  send a certified copy of my prison trust fund account statement for the past six months (from my current institution or any institution in which I was incarcerated during the past six months);

(2)  calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from my prison trust fund, and disburse those amounts to the Court.

This authorization applies to any agency into whose custody I may be transferred and to any other district court to which my case may be transferred.

_____          _____
Date                                                               Signature

_____          _____
Name (Last, First, MI)                                   Prison Identification #

_____          _____
Address                            City                      State        Zip Code

_____

[1] A "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

SDNY Rev. 8/5/15